1  RAMIRO MORALES, SBN 167947
   MORALES & GARY
2  2300 Contra Costa Blvd., Ste 310
   Pleasant Hill, California 94523
3  Telephone: (925) 288-1776
   Facsimile: (925) 288-1856
4  rmorales@moralesgary.com

5
   Attorneys for Plaintiffs
6

FILED

ʹJï   2 ?007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

8         UNITED STATES DISTRICT COURT FOR THE

9             NORTHERN DISTRICT OF CALIFORNIA

**BZ**

10  TRAVELERS PROPERTY CASUALTY     )  CASE NO.
    COMPANY OF AMERICA f/k/a AETNA  )
11  CASUALTY & SURETY COMPANY OF    )
    ILLINOIS, a Connecticut corporation  )
12  TRAVELERS PROPERTY CASUALTY     )
    COMPANY OF AMERICA f/k/a THE    )
13  TRAVELERS INDEMNITY COMPANY OF  )
    ILLINOIS, a Connecticut corporation,  )
14  FARMINGTON CASUALTY COMPANY, a  )
    Connecticut corporation, and THE  )
15  TRAVELERS INDEMNITY COMPANY OF  )
    CONNECTICUT, a Connecticut corporation  )
16                                   )
17        Plaintiff,                 )
                                     )
18  vs.                              )
                                     )
19  FEDERATED MUTUAL INSURANCE      )
    COMPANY, a Minnesota corporation )
20                                   )
          Defendants.                )
21  _____ )

**C 07  3459**

**COMPLAINT FOR DECLARATORY
RELIEF, EQUITABLE
CONTRIBUTION, AND INDEMNITY**

22

23  **COMPLAINT FOR DECLARATORY RELIEF, EQUITABLE CONTRIBUTION AND**

24                              **INDEMNITY**

25      Plaintiffs, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA f/k/a ,

26  AETNA CASUALTY AND SURETY COMPANY OF ILLINOIS, TRAVELERS PROPERTY

27  CASUALTY COMPANY OF AMERICA f/k/a THE TRAVELERS INDEMNITY COMPANY OF

28  ILLINOIS,  FARMINGTON CASUALTY COMPANY, AND THE TRAVELERS INDEMNITY

-1-

1  COMPANY OF CONNECTICUT, (Collectively "Plaintiff" or "Travelers") allege as follows:

2  **JURISDICTION AND VENUE**

3      1.  At all times relevant herein, Plaintiff was and is an insurance company organized under

4  and by virtue of the laws of the State of Illinois, authorized to conduct business as an insurer in the

5  State of California.  Plaintiff is a resident of and incorporated in Illinois and has its principle place

6  of business  business in Illinois.

7      2.  At all times relevant herein and on information and belief, Plaintiff alleges Defendant

8  Federated Mutual Insurance Company ( "Defendant" or "Federated") was and is an insurance

9  company organized under and by virtue of the laws of the State of Minnesota, conducting business

10  as an insurer in the State of California.  Federated is a resident of and incorporated in Minnesota and

11  has its principle place of business in Minnesota.

12      3.  The matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand

13  dollars.  Plaintiff is also seeking declaratory relief.  Plaintiff and Federated are citizens of diverse

14  jurisdictions.  Accordingly, this matter is properly subject to the jurisdiction of this Court under 28

15  USC § 1332 and 2201.

16      4.  Venue is proper in the United States District Court, Northern District of California in that

17  a substantial part of the events giving rise to the claims occurred in the County of San Francisco.

18  **GENERAL ALLEGATIONS - THE UNDERLYING CLAIMS**

19  **A.    Albert Valdez v. Young Homes, et al.**

20      5.  The Valdez Action involves a project known as "Dallas Heights" located in San

21  Bernardino, California.  The project consists of 287 homes ( "Subject Project").  Young Homes

22  ("Young") was the developer/general contractor.  Rancho Ready Mix ("Rancho") supplied concrete

23  to the homes involved.

24      6.  On or about February 5, 2002 the original Complaint in the underlying action against

25  Young was filed by the homeowners for damages related to alleged construction defects to the 287

26  homes.  The Complaint is entitled Albert Valdez v. Young Homes, et al., San Bernardino Superior

27  Court Case No. SCVSS 086564. ( "Valdez Action") A First Amended Complaint was filed on or

28  about March 24, 2005.  A Second Amended Complaint was filed thereafter.

1    7. The Valdez Action alleges causes of action for: (1) Strict Liability; (2) Negligence; (3)
2  Fraud; and (4) Implied and Express Warranty; all arising out of the development of the Subject
3  Project. The allegations include various construction defects and resulting damages to the homes,
4  including damage resulting from the work at Rancho.

5    8. Various Complaints filed in the Valdez Action are silent regarding when the damage was
6  discovered.

7    9. The Valdez Action alleges that, at the time of completion, the construction defects were
8  latent and not apparent from reasonable inspection when the general public purchased their homes,
9  and plaintiffs who are subsequent purchasers, discovered the defects and damages within the three
10  (3) years at filing of the Valdez Action, and could not reasonably have discovered said defects and
11  damages sooner.

12    10. The Valdez Action alleges that the homes suffered damages to investigate, repair,
13  restore and correct the defective conditions of their properties to prevent further damage and to
14  investigate, repair, and restore the portions of the properties to their proper condition and have
15  suffered and will continue to suffer loss of use and enjoyment of the properties and their interests
16  therein.

17    11. The Valdez Action alleges that the homeowners were informed and believed and thereon
18  allege that defendants, and each of them, substantially completed construction and development of
19  the Subject Project during the years 1994 to the present and thereafter sold said single family homes
20  to the general public.

21    12. On or about October 8, 2002 Young filed a cross-complaint against Rancho.

22    13. Plaintiff issued primary commercial general liability insurance policies to Rancho.

23    14. Plaintiff is informed and believes, and thereon alleges that Federated issued a primary
24  general liability insurance policy to Rancho pursuant to the terms and conditions of policy number
25  0634293, policy effective dates March 1, 2001 through March 1, 2006.

26    15. Plaintiff is informed and believes, and thereon alleges that Federated also issued
27  umbrella liability policies to Rancho under various policies effective March 1, 2001 through March
28  1, 2006.

-3-

Traveler's Complaint For Declaratory Relief, Equitable Contribution, and Indemnity    Case No.

16. Plaintiff is informed and believes, and thereon alleges, that the insuring agreement of the
Federated primary policies provide in relevant part:

        a.    We will pay those sums that the insured becomes legally obligated to pay as
damages because of "bodily injury" or "property damage" to which this
insurance applies. We will have the right and duty to defend the insured
against any "suit" seeking those damages. However, we will have no duty
to defend the insured against any "suit" seeking damages for 'bodily injury"
or "property damage" to which this insurance does not apply. We may at
our discretion, investigate any "occurrence" and settle any claim or "suit"
that may result. But:
            (1)    The amount we will pay for damages is limited as described In
Section III - Limits of Insurance; and
            (2)    Our right and duty to defend end when we have used up the
applicable limit of insurance in the payment of judgements or
settlements under Coverages A or B or medical expenses under
Coverage C.

...

        b.    This insurance applies to "bodily injury" and "property damage" only if:
            (1)    The "bodily injury" or " property damage" is caused by an
"occurrence" that takes place in the "coverage territory"; and
            (2)    The "bodily injury" or "property damage" occurs during the policy
period.

...

SECTION V - DEFINITIONS

        13.    "Occurrence" means an accident, including continuous or repeated
exposure to substantially the same general harmful conditions.

        17.    "Property Damage" means:
        a.    Physical injury to tangible property, including all resulting loss of
use of that property. All such loss of use shall be deemed to occur at
the time of the physical injury that caused it; or
        b.    Loss of use of tangible property that is not physically injured. All
such loss shall be deemed to occur at the time of the "occurrence"
that caused it.

17. Plaintiff is informed and believes, and thereon alleges, that Rancho tendered defense and
indemnity of the Cross Complaint to Federated.

18. Federated denied the tender of defense based upon endorsement CG-F-68. (Attached
hereto as exhibit A, and incorporated herein by this reference, is the denial letter).

19. Endorsement CG-F-68 states:

COVERAGE LIMITATION - CONTINUOUS OR PROGRESSIVE INJURY OR DAMAGE

    Paragraph I. **Insuring Agreement**, subparagraph c. of Form CG 00 57 (09-99), CG 00 60

Traveler's Complaint For Declaratory Relief, Equitable Contribution, and Indemnity    Case No.

(09-99) and CG 00 61 (09-99) AMENDMENT OF INSURING AGREEMENT - KNOWN INJURY OR DAMAGE, is deleted, and replaced with the following:

c.  This policy does not apply to, and the Company shall have no duty to defend , any claim seeking "bodily injury" or " property damage" that occurred before the policy period, regardless of whether that "bodily injury' or "property damage" is also deemed to have occurred during the policy period of this policy.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

20.  The original Complaint in the Valdez Action was filed on our about February 5, 2002, after the Federated Policy came into effect on March 1, 2001.

21.  The Valdez Action contains no allegations deeming property damage which occurred prior to the Federated policy periods as having occurred during the policy period.

22.  The Valdez Action does not allege that the property damage was known prior to the Federated policy periods.

23.  The policies issued by Federated to Rancho required Federated to defend Rancho against the Cross Complaint. Defendant has denied and continues to deny its defense obligation to Rancho in connection with the Cross Complaint under the primary policies.

24.  The Valdez Action involves claims against Rancho for covered property caused by an "occurrence" within the meaning of the Federated primary policies, during the period in which the Federated policies were in effect.

25.  A potential for coverage exists under the Federated policies for the property damage claimed against Rancho in the Valdez Action.

26.  Rancho tendered defense and indemnity of the Cross Complaint to Plaintiff, and Plaintiff defended against the Cross Complaint under a reservation of rights, including the right to bring this action for declaratory relief and to determine its duties, if any, with respect to the aforementioned policies and to seek equitable contribution and/or reimbursement from any other insurer for costs related to the Cross Complaint. Plaintiff has incurred substantial attorney and expert fees and costs in providing Rancho a defense against Young's Cross Complaint.

27.  Travelers requested that, pursuant to Federated's policies, Federated defend and indemnify Rancho in the Valdez Action.

28.  Plaintiff has requested contribution from Federated for the costs incurred in defense of

1  the Valdez Action.  However, Federated refused and continues to refuse to pay for any of the costs

2  incurred in the defense of Rancho against the Cross Complaint under the primary policies.

3      29.  Under the principles of fairness and equity, Federated owes a duty to contribute toward

4  the defense fees and costs incurred in defending Rancho with respect to the Valdez Action.

5      30.  As a result of Defendant's failure to contribute to the fees and costs of defending Rancho

6  under the primary policies for the Valdez Action, Plaintiff has paid an unfair and inequitable share

7  of the defense fees and costs on behalf of Rancho in the Valdez Action.

8      31.  Plaintiff incurred fees and costs to defend Rancho against the Cross Complaint.

9      32.  During settlement discussions in the Valdez action, Plaintiff requested that Federated

10  contribute toward settlement of the Valdez action.

11     33.  Federated denies any obligation to contribute toward the settlement.

12     34.  The parties to the Valdez Action have since resolved the case through settlement, with

13  Plaintiff contributing a portion of the settlement on behalf of Rancho.

14     35.  Subsequently, Federated agreed to reimburse Plaintiff for defense fees under its umbrella

15  policies.

16     36.  To date, Federated has not reimbursed Plaintiff..

17  **B.  Britannia Pointe Grand Limited Partnership v. Concrete Shell Structures, Inc.**

18     37.  Britannia Pointe Grand Limited Partnership v. Concrete Shall Structures, Inc. ("Britannia

19  Action") involves two real property construction projects, Sugen I & II and Exelixis I & II, located

20  in South San Francisco, California. ("The Project").  On or about June 16, 2004, the projects'

21  owner, Britannia Pointe Grand Limited Partnership ("Britannia"), filed the Britannia Action against

22  Concrete Shell Structures, the Developer/General Contractor, alleging breach of contract and

23  seeking recovery of costs incurred in remedying alleged construction defects.  On December 22,

24  2004, Concrete Shell Structures filed an Amended Answering Statement/Cross-Claim in the

25  Underlying Action for defense and indemnity, naming various subcontractors on the Projects as

26  Cross-Defendants, including West Bay Mechanical ("West Bay")

27     38.  West Bay worked as a subcontractor on The Project.

28     39.  Britannia  filed a demand for arbitration with the American Arbitration Association

Traveler's Complaint For Declaratory Relief, Equitable Contribution, and Indemnity     Case No.

1   6/16/04, American Arbitration Association Case No. 74 110 M 00660 04 OLTR.. The

2   subcontractors, including West Bay, were thereafter notified and made parties to the arbitration.

3       40.  Britannia alleges various construction defects resulting in property damage against CSS

4   and its subcontractors, including West Bay.

5       41.  The Demand for Arbitration is silent regarding when the property damage was

6   discovered.

7       42.  Plaintiff issued primary commercial general liability insurance to West Bay.

8       43.  Plaintiff is informed and believes, and thereon alleges that Federated issued a Business

9   Owner's Policy to West Bay pursuant to the terms and conditions of policy number 9435065

10  01/01/02 - 01/01/03 and 03/03/04 to present.

11      44.  The insuring agreement to Coverage A of the business policy provides in relevant part:

12          a.      We will pay those sums that the insured becomes legally obligated to pay as
                    damages because of "bodily injury", "property damage", "personal injury or
13                  "advertising injury" to which this insurance applies.  We will have the right
                    and duty to defend any "suit" seeking those damages to which this insurance
14                  applies.  We will have the right and duty to defend the insured against a
                    "suit" seeking those damages.  However, we will have no duty to defend the
15                  insured against any "suit" seeking damages for "bodily injury", "property
                    damage", "personal injury", or "advertising injury" to which this insurance
16                  does not apply.  We may at our discretion, investigate any "occurrence" and
                    settle any claim or "suit" that my result.  But:

17
                    (1)     The amount we pay for damages is limited as described in
18                          SECTION D - Liability Limits of Insurance; and
                    (2)     Our right and duty to defend end when we have use up the
19                          applicable limit of insurance in the payment of judgments or
                            settlements.
20
                    No other obligation or liability to pay sums or perform acts or services is
21                  covered unless explicitly provided for under the Coverage Extensions.

22          b.      This insurance applies:
                    (1) To "bodily injury" and "property damage" only if:
23                          (a)     The "bodily injury" or "property damage" is caused by an
                                    "occurrence" that takes place in the "coverage territory";
24                          (b)     The "bodily injury" or "property damage" occurs during the
                                    policy period, regardless of whether that "bodily injury" or
25                                  "property damage" is also deemed to have occurred during
                                    the period of the policy; and
26                          (c)     Prior to the policy period, no insured listed under Paragraph
                                    1 of C Who is an Insured and no "employee" authorized by
27                                  you to give or receive notice of an "occurrence" or claim,
                                    knew that the "bodily injury" or "property damage" had
28                                  occurred, in whole or in part.  If such a listed insured or
                                    authorized "employee" knew, prior to the policy period, that

                                    -7-

the "bodily injury" or "property damage" occurred, then any continuation, change ore resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    c.    This policy does not apply to, and the Company shall have no duty to defend any claim seeking "bodily injury" or "property damage" that occurred before the policy period, regardless of whether that "bodily injury" or "property damage" is also deemed to have occurred during the policy period of this policy.

    (2) To:

        (a)    "Personal Injury" caused by an offense arising out of your business, excluding advertising, publishing, broadcasting, or telecasting done by or for you;

        (b)    "Advertising injury" caused by an offense committed in the course if the offense was committed in the course of advertising your goods, products or services; but only if the offense was committed in the "coverage territory" during the policy period.

45. Plaintiff is informed and believes, and thereon alleges that West Bay timely tendered defense and indemnity of the Arbitration to Federated.

46. Federated denied the tender of defense claiming that West Bay had "prior knowledge"of the property damage related to West Bay's work.

47. Federated also denied coverage claiming that the property damage at issue occurred before the policy period and that the property damage is being deemed to have occurred during the policy period of this policy. (Attached hereto as exhibit B, and incorporated herein by this reference, is the denial letter).

48. The Demand for Arbitration contains no allegations deeming property damage which occurred prior to the Federated policy periods as having occurred during the policy period.

49. The Demand for Arbitration does not allege that the property damage was known prior to the Federated policy periods.

50. The above-referenced insurance policies issued by Federated to West Bay required Defendant Federated to defend West Bay against the Arbitration. Federated has denied and continues to deny its defense obligation to West Bay in connection with the Arbitration.

51. Plaintiff has requested contribution from Defendant Federated for the costs incurred in defense of the Arbitration. Federated refused and continues to refuse to pay for any of the costs incurred in the defense of West Bay against the Arbitration.

-8-

1    52. The Britannia Action involves claims against West Bay for covered property caused by

2    an "occurrence" within the meaning of the Federated policy, during the period in which the

3    Federated policies were in effect.

4    53. Potential for coverage exists under the Federated policies for the covered property

5    damage claimed against West Bay in the Britannia Action.

6    54. Under the principles of fairness and equity, Defendant owes a duty to contribute toward

7    the defense fees and costs incurred in defending West Bay with respect to the Britannia Action.

8    55. As a result of Defendant's failure to contribute to the fees and costs of defending West

9    Bay in the Britannia Action, Plaintiff has paid an unfair and inequitable share of the defense fees

10    and costs on behalf of West Bay in the Britannia Action.

11                                  **FIRST CAUSE OF ACTION**

12                         **DECLARATORY RELIEF - DUTY TO DEFEND**

13    56. Plaintiff incorporates by reference as though fully set forth herein the allegations in

14    paragraphs 1 through 55 above.

15    57. Plaintiff contends, pursuant to the terms, conditions, exclusions, and endorsements of the

16    Federated policies, as well as equitable principles, that the Defendant has a duty to defend Rancho

17    in the Valdez Action. Defendant has not contributed to the defense of Rancho in the Valdez Action.

18    Therefore, Defendant owes in contribution for the attorneys fees and costs incurred by Plaintiff in

19    defending Rancho in connection with the Valdez Action.

20    58. Defendant has failed and or refused to acknowledge its duty to defend Rancho in the

21    Valdez Action under the primary policy.

22    59. By reason of the foregoing, an actual controversy exists between the parties which

23    requires a declaratory judgement of this Court in substantially the following term: Defendant owes a

24    duty to defend Rancho in the Valdez Action, and must therefore contribute toward the attorneys fees

25    and costs that Plaintiff has incurred in connection with providing a defense to Rancho in the Valdez

26    Action.

27    60. A judicial determination of this controversy is necessary and appropriate in order for the

28    parties to ascertain their rights, duties and obligations under the insurance policies.

Traveler's Complaint For Declaratory Relief, Equitable Contribution, and Indemnity    Case No.

1  WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

2  ## SECOND CAUSE OF ACTION

3  ## EQUITABLE CONTRIBUTION - DUTY TO DEFEND

4  61. Plaintiff incorporates by reference as though fully set forth herein the allegations in
5  paragraphs 1 through 60 above.

6  62. Plaintiff is informed and believes and thereon alleges that Defendant owes a duty to
7  defend Rancho with regard to the claims made in the Valdez Action.

8  63.   In providing a defense to Rancho in the Valdez Action, Plaintiff has incurred attorneys
9  fees and costs in excess of its equitable share. In contrast, the Defendant has failed to contribute a
10  fair and equitable share toward the fees and costs that Plaintiff has incurred in connection with
11  providing a defense to Rancho in the Valdez Action.

12  ## THIRD CAUSE OF ACTION

13  ## DECLARATORY RELIEF - DUTY TO INDEMNIFY

14  64. Plaintiff incorporates by reference as though fully set forth herein the allegations in
15  paragraphs 1 through 63 above.

16  65. Plaintiff is informed and believes and thereon alleges that Defendant owes a duty to
17  indemnify Rancho pursuant to the Federated policies as set forth above.

18  66. Plaintiff is informed and believes and thereon alleges that Defendant disputes this duty
19  and in fact contends that it owes no duty to indemnify Rancho for the Valdez Action.

20  ## FOURTH CAUSE OF ACTION

21  ## EQUITABLE CONTRIBUTION - DUTY TO INDEMNIFY

22  67. Plaintiff incorporates by reference as though fully set forth herein the allegations in
23  paragraphs 1 through 66 above.

24  68. Plaintiff has indemnified Rancho for the Valdez Action. This amount exceeds the
25  Court's minimum jurisdiction.

26  69. Plaintiff is entitled to contribution from the Defendant for the indemnification of Rancho
27  in an amount to be determined by the Court.

28

1

2

### FIFTH CAUSE OF ACTION

### DECLARATORY RELIEF - DUTY TO DEFEND

3      70.  Plaintiff incorporates by reference as though fully set forth herein the allegations in

4   paragraphs 1 through 69 above.

5      71.  Plaintiff contends, pursuant to the terms, conditions, exclusions, and endorsements of the

6   Federated policies, as well as equitable principles, that the Defendant has a duty to defend West Bay

7   in the Britannia Action.  Defendant has not contributed to the defense of West Bay in the Britannia

8   Action.  Therefore, Defendant owes amounts in contribution for the attorneys fees and costs

9   incurred by Plaintiff in defending West Bay in the Britannia Action.

10      72.  Defendant has failed and/or refused to acknowledge its duty to defend West Bay in the

11   Britannia Action.

12      73.  By reason of the foregoing, an actual controversy exists between the parties which

13   requires a declaratory judgement of this Court in substantially the following form: Defendant owes

14   a duty to defend West Bay in the Britannia Action, and must therefore contribute toward the

15   attorneys fees and costs that Plaintiff has incurred in connection with providing a defense to West

16   Bay in the Britannia Action.

17      74.  A judicial determination of this controversy is necessary and appropriate in order for the

18   parties to ascertain their rights, duties and obligations under the insurance policies.

19      WHEREFORE, Plaintiff prays for judgement against Defendant as hereinafter set forth.

20

21

### SIXTH CAUSE OF ACTION

### EQUITABLE CONTRIBUTION - DUTY TO DEFEND

22      75.  Plaintiff incorporates by reference as though fully set forth herein the allegations in

23   paragraphs 1 - 74 above.

24      76.  Plaintiff is informed and believes and thereon alleges that Defendant owes a duty to

25   defend West Bay with regard to the claims made in the Britannia Action.

26      77.  In providing a defense to West Bay in the Britannia Action, Plaintiff has incurred

27   attorneys fees and costs in excess of its equitable share.  In contrast, the Defendant has failed to

28   contribute a fair and equitable share toward the fees and costs that have been incurred in defending

1  West Bay in the Britannia Action.

2      78. The Defendant is obligated, under principles of equity, to reimburse Plaintiff for the fees

3  and costs that the Plaintiff has inequitably incurred in providing a defense to West Bay in the

4  Britannia Action. The amount owed by Defendant will be according to proof at trial.

5      WHEREFORE, Plaintiff prays for judgement against Defendant as hereinafter set forth.

6  **PRAYER FOR RELIEF**

7      WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

8      1. On the First Cause of Action for Declaratory Relief, for a declaration and determination

9  that the Defendant owes a duty under the Federated primary policies to Defend Rancho in the

10  Valdez Action and the Defendant must contribute toward the attorneys fees and costs which have

11  been incurred by Plaintiff with regard to the defense of Rancho in the Valdez Action.

12      2. On the Second Cause of Action for Equitable Contribution, for an award of monetary

13  damages according to proof at trial;

14      3. On the Third Cause of Action for Declaratory Relief, for a declaration that Federated had a

15  duty to indemnify Rancho for the Valdez Action.

16      4. On the Fourth Cause of Action for Equitable Contribution, for an award of monetary

17  damages according to proof at trial.

18      5. On the Fifth Cause of Action for Declaratory Relief, for a declaration that Federated had a

19  duty to defend West Bay for the Britannia Action.

20      6. On the Sixth Cause of Action for Equitable Contribution, for an award of monetary

21  damages according to proof at trial.

22      7. For an award of costs of suit herein.

23      8. For pre and post judgment interest; and

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1      9. For all other relief the Court deems just and proper.

2

3    Dated: June _27_____, 2007                    MORALES & GARY

4

5                                                  By:_____

6

7                                                  Attorneys for Plaintiffs
                                                   TRAVELERS PROPERTY CASUALTY
8                                                  COMPANY OF AMERICA f/k/a AETNA
                                                   CASUALTY & SURETY COMPANY OF
9                                                  ILLINOIS, TRAVELERS PROPERTY
                                                   CASUALTY COMPANY OF AMERICA f/k/a
10                                                 THE TRAVELERS INDEMNITY COMPANY
                                                   OF ILLINOIS, FARMINGTON CASUALTY
11                                                 COMPANY, and THE TRAVELERS
                                                   INDEMNITY COMPANY OF
12                                                 CONNECTICUT

13   S:\DOCS\TR2594\CMP070509.LI.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Traveler's Complaint For Declaratory Relief, Equitable Contribution, and Indemnity     Case No.