Semha Alwaya (CSBN 141999)
Trelawney James-Riechert (CSBN 160853)
A. Mark Hom (CSBN 154777)
Law Offices of Semha Alwaya
2200 Powell Street, Suite 110
Emeryville, California 94608
Telephone:   (510) 595-7900
Facsimile:   (510) 595-9049
E-mail:      salwaya@alwayalaw.com

Attorney for Defendant
FEDERATED MUTUAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA f/k/a AETNA CASUALTY & SURETY COMPANY OF ILLINOIS, a Connecticut corporation, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA f/k/a THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS, a Connecticut corporation, FARMINGTON CASUALTY COMPANY, a Connecticut corporation, and THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation,<br><br>                    Plaintiffs,<br><br>   vs.<br><br>FEDERATED MUTUAL INSURANCE COMPANY, a Minnesota Corporation,<br><br>                    Defendant. | No. C 07-03459 BZ<br><br>**ANSWER OF DEFENDANT FEDERATED MUTUAL INSURANCE COMPANY**<br><br>**REQUEST FOR JURY TRIAL**<br><br>**COMPLAINT FILED:** JULY 2, 2007 |

Defendant FEDERATED Mutual Insurance Company ("FEDERATED") answers the allegation contained in the Complaint brought by Plaintiffs Travelers Property Casualty Company of America f/k/a Aetna Casualty & Surety Company of

Illinois, Travelers Property Casualty Company of America f/k/a Travelers Indemnity Company of Illinois, Farmington Casualty Company, and The Travelers Indemnity Company of Connecticut (collectively "Plaintiffs" or "Travelers") as follows:

1. Answering the allegations contained in Paragraph 1 of Plaintiffs' Complaint, FEDERATED is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2. Answering the allegations contained in Paragraph 2 of Plaintiffs' Complaint, FEDERATED admits the allegations in said paragraph.

3. Answering the allegations contained in Paragraph 3 of Plaintiffs' Complaint, FEDERATED admits that Plaintiff is seeking declaratory relief, among other causes of action. Except as expressly admitted herein, FEDERATED is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every remaining allegation contained therein.

4. Answering the allegations contained in Paragraph 4 of Plaintiffs' Complaint, FEDERATED admits that a part of the events giving rise to the claims as alleged occurred in the County of San Francisco. FEDERATED admits that based on the allegations in the Complaint, venue is proper in this District.

5. Answering the allegations contained in Paragraph 5 of Plaintiffs' Complaint, FEDERATED admits that the complaint filed by *Albert Valdez v. Young Homes, et al.* (hereinafter the "Valdez Action") in San Bernardino Superior Court, Case Number SCVSS 086564, contains the allegations set forth in this paragraph. Except as expressly admitted herein, FEDERATED lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies those allegations.

6. Answering the allegations contained in Paragraph 6 of Plaintiffs' Complaint, FEDERATED admits that the complaint in the Valdez Action contains the allegations set forth in the first sentence of this paragraph. FEDERATED also admits that the original Complaint in the Valdez Action was filed on or about February 5, 2002. Except as expressly admitted herein, FEDERATED lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies those allegations.

7. Answering the allegations contained in Paragraph 7 of Plaintiffs' Complaint, FEDERATED admits that the complaint in the Valdez Action contains the allegations set forth in the first sentence of this paragraph. Except as expressly admitted herein, FEDERATED lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies those allegations.

8. Answering the allegations contained in Paragraph 8 of Plaintiffs' Complaint, FEDERATED is without knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies the same.

9. Answering the allegations contained in Paragraph 9 of Plaintiffs' Complaint, FEDERATED is without knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies the same.

10. Answering the allegations contained in Paragraph 10 of Plaintiffs' Complaint, FEDERATED is without knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies the same.

11. Answering the allegations contained in Paragraph 11 of Plaintiffs' Complaint, FEDERATED is without knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies the same.

12. Answering the allegations contained in Paragraph 12 of Plaintiffs' Complaint, FEDERATED admits that Young filed a cross-complaint against Rancho

Ready Mix, the date of which is unknown to FEDERATED. Except as expressly admitted herein, FEDERATED is without knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies the same.

13. Answering the allegations contained in Paragraph 13 of Plaintiffs' Complaint, FEDERATED is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14. Answering the allegations contained in Paragraph 14 of Plaintiffs' Complaint, FEDERATED admits that it issued a general liability insurance policy to Rancho Ready Mix, policy number 0634293, with effective dates of March 1, 2001 through July 1, 2005.

15. Answering the allegations contained in Paragraph 15 of Plaintiffs' Complaint, FEDERATED admits that it issued umbrella insurance policies to Rancho Ready Mix, with effective dates March 1, 2001 through July 1, 2005.

16. Answering the allegations contained in Paragraph 16 of Plaintiffs' Complaint, FEDERATED alleges affirmatively that the terms and conditions of FEDERATED'S policies speak for themselves. FEDERATED otherwise denies any and all remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17. Answering the allegations contained in Paragraph 17 of Plaintiffs' Complaint, FEDERATED denies that Rancho Ready Mix tendered its defense and indemnity in the Valdez Action to FEDERATED. An entity other than Rancho Ready Mix tendered the Valdez Action to FEDERATED.

18. Answering the allegations contained in Paragraph 18 of Plaintiffs' Complaint, FEDERATED admits that it initially denied that a defense obligation is owed to Rancho Ready Mix and alleges affirmatively that FEDERATED'S denial letter speaks for itself. FEDERATED otherwise denies any and all remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. Answering the allegations contained in Paragraph 19 of Plaintiffs' Complaint, FEDERATED alleges affirmatively that the terms and conditions of FEDERATED'S policies speak for themselves. FEDERATED otherwise denies any and all remaining allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. Answering the allegations contained in Paragraph 20 of Plaintiffs' Complaint, FEDERATED admits the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21. Answering the allegations contained in Paragraph 21 of Plaintiffs' Complaint, FEDERATED alleges affirmatively that the pleadings in the underlying State Court action, to which Paragraph 21 refers, speaks for themselves. To the extent that Paragraph 21 makes factual allegations beyond the scope of the pleadings in the underlying action, FEDERATED is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

22. Answering the allegations contained in Paragraph 22 of Plaintiffs' Complaint, FEDERATED alleges affirmatively that the pleadings in the underlying State Court action, to which Paragraph 22 refers, speaks for themselves. To the extent that Paragraph 22 makes factual allegations beyond the scope of the pleadings in the underlying action, FEDERATED is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

23. Answering the allegations contained in Paragraph 23 of Plaintiffs' Complaint, FEDERATED admits that it denied a defense to Rancho Ready Mix under the primary policies. FEDERATED alleges affirmatively that the terms and conditions of FEDERATED policies speak for themselves. FEDERATED otherwise denies any and all remaining allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. Answering the allegations contained in Paragraph 24 of Plaintiffs' Complaint, FEDERATED alleges affirmatively that the pleadings in the underlying state court action to which Paragraph 24 refers speak for themselves and that terms and conditions of FEDERATED'S policies speak for themselves. FEDERATED otherwise denies any and all remaining allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25. Answering the allegations contained in Paragraph 25 of Plaintiffs' Complaint, FEDERATED denies that a potential for coverage exists under its primary policies. FEDERATED agreed to provide a defense to Ranch Ready Mix under its umbrella policy.

26. Answering the allegations contained in Paragraph 26 of Plaintiffs' Complaint, FEDERATED is aware that Plaintiffs provided a defense to Rancho Ready Mix. However, FEDERATED is without knowledge or information sufficient to form a belief as to the truth of any and all remaining allegations contained therein and thus denies the same.

27. Answering the allegations contained in Paragraph 27 of Plaintiffs' Complaint, FEDERATED admits that Travelers requested that FEDERATED participate in the defense and indemnification of Rancho Ready Mix. FEDERATED denies that it had any duty to defend or indemnify Rancho Ready Mix under the primary policies. FEDERATED accepted the defense under its umbrella policy.

28. Answering the allegations contained in Paragraph 28 of Plaintiffs' Complaint, FEDERATED admits that it declined to participate in the defense of Rancho Ready Mix under the primary policies. FEDERATED further admits that Travelers requested that FEDERATED contribute to the costs Travelers claims it incurred in defense of Rancho Ready Mix in the Valdez Action. FEDERATED offered to pay for its proportionate share of the defense under its umbrella policy.

FEDERATED otherwise denies any remaining allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29. Answering the allegations contained in Paragraph 29 of Plaintiffs' Complaint, FEDERATED admits that it declined to participate in the defense of Rancho Ready Mix under the primary policies. FEDERATED further admits that Travelers requested that FEDERATED contribute to the costs Travelers claims it incurred in defense of Rancho Ready Mix in the Valdez Action. FEDERATED offered to pay for its proportionate share of the defense under its umbrella policy.

30. Answering the allegations contained in Paragraph 30 of Plaintiffs' Complaint, FEDERATED is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

31. Answering the allegations contained in Paragraph 31 of Plaintiffs' Complaint, FEDERATED is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

32. Answering the allegations contained in Paragraph 32 of Plaintiffs' Complaint, FEDERATED admits that Travelers requested that FEDERATED contribute toward settlement of the Valdez Action.

33. Answering the allegations contained in Paragraph 33 of Plaintiffs' Complaint, FEDERATED admits that it denies and continues to deny that it has any obligation to contribute toward the settlement of the Valdez Action on behalf of Rancho Ready Mix.

34. Answering the allegations contained in Paragraph 34 of Plaintiffs' Complaint, FEDERATED admits that it is aware a settlement was reached in the Valdez Action. As to the remaining allegations, FEDERATED is without knowledge

or information sufficient to form a belief as to the truth of the allegations contained therein and thus denies each and every allegation contained therein.

35. Answering the allegations contained in Paragraph 35 of Plaintiffs' Complaint, FEDERATED admits that it offered to pay its equitable share of the defense under the umbrella policy.

36. Answering the allegations contained in Paragraph 36 of Plaintiffs' Complaint, FEDERATED admits that it has offered a sum certain to Travelers for the alleged costs of defending Rancho Ready Mix in the Valdez Action. Travelers rejected the offer.

37. Answering the allegations contained in Paragraph 37 of Plaintiffs' Complaint, FEDERATED alleges affirmatively that the pleadings in the underlying State Court action, to which Paragraph 37 refers, speaks for themselves. To the extent that Paragraph 37 makes factual allegations beyond the scope of the pleadings in the underlying action, FEDERATED is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

38. Answering the allegations contained in Paragraph 38 of Plaintiffs' Complaint, FEDERATED admits the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39. Answering the allegations contained in Paragraph 39 of Plaintiffs' Complaint, FEDERATED admits that Britannia filed a demand for arbitration with the American Arbitration Association. FEDERATED otherwise denies any and all remaining allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40. Answering the allegations contained in Paragraph 40 of Plaintiffs' Complaint, FEDERATED alleges affirmatively that the pleadings in the underlying State Court action, to which Paragraph 40 refers, speaks for themselves. To the extent that Paragraph 40 makes factual allegations beyond the scope of the pleadings in the

underlying action, FEDERATED is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

41. Answering the allegations contained in Paragraph 41 of Plaintiffs' Complaint, FEDERATED alleges affirmatively that the pleadings in the underlying State Court action, to which Paragraph 41 refers, speaks for themselves. To the extent that Paragraph 41 makes factual allegations beyond the scope of the pleadings in the underlying action, FEDERATED is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

42. Answering the allegations contained in Paragraph 42 of Plaintiffs' Complaint, FEDERATED is without knowledge or information sufficient to form a belief as to the truth of those allegations and thus denies each and every allegation contained therein.

43. Answering the allegations contained in Paragraph 43 of Plaintiffs' Complaint, FEDERATED admits that it issued a Business Owner's Policy to West Bay. FEDERATED also admits that its policy number is 9435065. FEDERATED further admits that the effective dates of this policy are 01/01/02-01/01/03. Except as expressly admitted herein, FEDERATED denies any and all remaining allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44. Answering the allegations contained in Paragraph 44 of Plaintiffs' Complaint, FEDERATED alleges affirmatively that the terms and conditions of FEDERATED'S policies speak for themselves. FEDERATED otherwise denies any and all remaining allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45. Answering the allegations contained in Paragraph 45 of Plaintiffs' Complaint, FEDERATED admits that West Bay tendered its defense and indemnity to

FEDERATED. Except as expressly admitted herein, FEDERATED denies any and all remaining allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46. Answering the allegations contained in Paragraph 46 of Plaintiffs' Complaint, FEDERATED admits that it denied West Bay's tender of defense. Except as expressly admitted herein, FEDERATED denies any and all remaining allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47. Answering the allegations contained in Paragraph 47 of Plaintiffs' Complaint, FEDERATED admits that it denied West Bay's tender of defense and alleges affirmatively that the denial letter speaks for itself. Except as expressly admitted herein, FEDERATED denies any and all remaining allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48. Answering the allegations contained in Paragraph 48 of Plaintiffs' Complaint, FEDERATED alleges affirmatively that the pleadings in the underlying State Court action, to which Paragraph 48 refers, speaks for themselves. To the extent that Paragraph 48 makes factual allegations beyond the scope of the pleadings in the underlying action, FEDERATED is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

49. Answering the allegations contained in Paragraph 49 of Plaintiffs' Complaint, FEDERATED alleges affirmatively that the pleadings in the underlying State Court action, to which Paragraph 49 refers, speaks for themselves. To the extent that Paragraph 49 makes factual allegations beyond the scope of the pleadings in the underlying action, FEDERATED is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

50. Answering the allegations contained in Paragraph 50 of Plaintiffs' Complaint, FEDERATED denies that the insurance policies issued by it to West Bay

required it to defend West Bay against the Arbitration. FEDERATED admits that it has denied and continues to deny that it has any defense obligation to West Bay in connection with the Arbitration.

51. Answering the allegations contained in Paragraph 51 of Plaintiffs' Complaint, FEDERATED admits that it declined to participate in the defense of West Bay. FEDERATED also admits that it has refused and continues to refuse to pay for any of the costs allegedly incurred in the defense of West Bay against the Arbitration.

52. Answering the allegations contained in Paragraph 52 of Plaintiffs' Complaint, FEDERATED denies any and all allegations contained therein.

53. Answering the allegations contained in Paragraph 53 of Plaintiffs' Complaint, FEDERATED denies any and all allegations contained therein.

54. Answering the allegations contained in Paragraph 54 of Plaintiffs' Complaint, FEDERATED denies any and all allegations contained therein.

55. Answering the allegations contained in Paragraph 55 of Plaintiffs' Complaint, FEDERATED is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

56. Answering the allegations contained in Paragraph 56 of Plaintiffs' Complaint, FEDERATED incorporates by reference its answers to Paragraphs 1 through 55 as though fully set forth herein.

57. Answering the allegations contained in Paragraph 57 of Plaintiffs' Complaint, FEDERATED admits that it has no obligation to provide Ranch Ready Mix with a defense under the primary policies. FEDERATED offered its proportionate share of the defense under its umbrella policy. Travelers rejected the offer. Except as expressly admitted herein, FEDERATED denies any and all remaining allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58. Answering the allegations contained in Paragraph 58 of Plaintiffs' Complaint, FEDERATED admits any and all allegations contained therein.

59. Answering the allegations contained in Paragraph 59 of Plaintiffs' Complaint, FEDERATED admits that an actual controversy exists between the parties. Except as expressly admitted herein, FEDERATED denies any and all remaining allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60. Answering the allegations contained in Paragraph 60 of Plaintiffs' Complaint, FEDERATED admits the allegations contained therein.

61. Answering the allegations contained in Paragraph 61 of Plaintiffs' Complaint, FEDERATED incorporates by reference its answers to Paragraphs 1 through 60 as though fully set forth herein.

62. Answering the allegations contained in Paragraph 62 of Plaintiffs' Complaint, FEDERATED denies that it has any obligation to provide Rancho Ready Mix a defense under its primary policies in the Valdez Action.

63. Answering the allegations contained in Paragraph 63 of Plaintiffs' Complaint, FEDERATED denies the first paragraph of allegations. FEDERATED admits that it declined to participate in the defense of Rancho Ready Mix under the primary policies. FEDERATED offered to pay for its proportionate share of the defense under its umbrella policy.

64. Answering the allegations contained in Paragraph 64 of Plaintiffs' Complaint, FEDERATED incorporates by reference its answers to Paragraphs 1 through 63 as though fully set forth herein.

65. Answering the allegations contained in Paragraph 65 of Plaintiffs' Complaint, FEDERATED denies any and all allegations contained therein.

66. Answering the allegations contained in Paragraph 66 of Plaintiffs' Complaint, FEDERATED admits that it disputes that it has a duty to indemnify

Rancho Ready Mix. FEDERATED also admits that it contends that it owes no duty to indemnify Rancho Ready Mix for the Valdez Action.

67. Answering the allegations contained in Paragraph 67 of Plaintiffs' Complaint, FEDERATED incorporates by reference its answers to Paragraphs 1 through 66 as though fully set forth herein.

68. Answering the allegations contained in Paragraph 68 of Plaintiffs' Complaint, FEDERATED is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

69. Answering the allegations contained in Paragraph 69 of Plaintiffs' Complaint, FEDERATED denies the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70. Answering the allegations contained in Paragraph 70 of Plaintiffs' Complaint, FEDERATED incorporates by reference its answers to Paragraphs 1 through 69 as though fully set forth herein.

71. Answering the allegations contained in Paragraph 71 of Plaintiffs' Complaint, FEDERATED admits that it has not contributed to the defense of West Bay in the Britannia Action. Except as expressly admitted herein, FEDERATED denies any and all remaining allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72. Answering the allegations contained in Paragraph 72 of Plaintiffs' Complaint, FEDERATED admits that it has not contributed to the defense of West Bay against the underlying arbitration demand and specifically denies that it has a duty to defend and/or indemnify West Bay against the underlying arbitration demand.

73. Answering the allegations contained in Paragraph 73 of Plaintiffs' Complaint, FEDERATED admits that an actual controversy exists between the parties.

Except as expressly admitted herein, FEDERATED denies any and all remaining allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74. Answering the allegations contained in the first sentence of Paragraph 74 of Plaintiffs' Complaint, FEDERATED admits the allegations contained therein.

75. Answering the allegations contained in Paragraph 75 of Plaintiffs' Complaint, FEDERATED incorporates by reference its answers to Paragraphs 1 through 74 as though fully set forth herein.

76. Answering the allegations contained in Paragraph 76 of Plaintiffs' Complaint, FEDERATED denies each and every allegation contained therein.

77. Answering the allegations contained in the first sentence of Paragraph 77 of Plaintiffs' Complaint, FEDERATED denies each and every allegation contained therein. FEDERATED admits that it has not contributed towards the fees and costs incurred in defending West Bay because FEDERATED has no obligation to defend West Bay.

78. Answering the allegations contained in Paragraph 78 of Plaintiffs' Complaint, FEDERATED denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

FEDERATED asserts the following affirmative defenses to Plaintiffs' Complaint.

### First Affirmative Defense

This matter is subject to dismissal based on abstention principles in that this Court has the power to refrain from hearing cases based on "'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary" [*Quackenbush v. Allstate Ins. Co.* (1996) 517 U.S. 706, 718, quoting *Railroad Comm'n of Tex. v. Pullman Co.* (1941) 312 U.S. 496, 500–501] because the only relief sought is for equitable or discretionary relief.

### Second Affirmative Defense

Plaintiffs' Complaint fails to state a claim against FEDERATED upon which relief can be granted.

### Third Affirmative Defense

To the extent that Travelers may have failed to mitigate, minimize or avoid any damages it allegedly sustained, any recovery against FEDERATED must be reduced by that amount.

### Fourth Affirmative Defense

As a separate and affirmative defense to the Complaint and without admitting that the terms, conditions and exclusions of an insurance policy must be pled in an affirmative defense, FEDERATED alleges that coverage for the claims that are the subject of this action is precluded, in whole or in part, by reason of the terms, conditions, provisions, limitations, endorsements and exclusions of the FEDERATED policies.

### Fifth Affirmative Defense

As to the Complaint and each Cause of Action therein, FEDERATED alleges that Plaintiffs were obligated to, and voluntarily did, agree to participate in the defense and indemnity of their insureds, and therefore have waived their rights, if any, to the relief requested in the Complaint.

### Sixth Affirmative Defense

FEDERATED alleges that its obligations in connection with the underlying action, if any, must be apportioned among all of the responsible insurers including, without limitation, Plaintiffs.

### Seventh Affirmative Defense

As a separate affirmative defense, FEDERATED alleges that Plaintiffs' damages, if any, were caused by or contributed to by the acts, errors and omissions Plaintiffs and/or other individuals or entities, and that Plaintiffs' recovery against FEDERATED, if any, must be reduced accordingly.

### Eighth Affirmative Defense

Without admitting that the subject matter of this paragraph must be pled as an affirmative defense, FEDERATED alleges that Plaintiffs may not recover from FEDERATED any amounts for which payments have been made to or are collected by Plaintiffs from third parties to this litigation, and Plaintiffs' recovery, if any, against FEDERATED must be reduced by the payments that have been made by such third parties.

### Ninth Affirmative Defense

FEDERATED alleges that it may have additional defenses that cannot now be articulated and, therefore, FEDERATED reserves its right to amend the Answer.

**WHEREFORE** FEDERATED requests a judgment as follows:

1. That plaintiffs take nothing by reason of their Complaint;

2. A declaration that Defendant FEDERATED has no obligation to Travelers for any amount claimed in Plaintiffs' Complaint;

3. That defendant FEDERATED be awarded costs of suit incurred herein; and

4. For such other and further relief as the Court deems appropriate.

DATED: August 22, 2007

LAW OFFICES OF SEMHA ALWAYA

By: /s/ Semha Alwaya
Semha Alwaya
Attorney for Defendant FEDERATED
MUTUAL INSURANCE COMPANY

### REQUEST FOR JURY TRIAL

FEDERATED hereby requests trial by jury.

                      LAW OFFICES OF SEMHA ALWAYA

                  By: *Semha Alwaya* (signature)
                           Semha Alwaya
                     Attorney for Defendant FEDERATED
                     MUTUAL INSURANCE COMPANY

ANSWER OF DEFENDANT FEDERATED MUTUAL INSURANCE COMPANY