RAMIRO MORALES, SBN 167947
DANIEL R. OLSEN, SBN 236578
MORALES, FIERRO & REEVES
2300 Contra Costa Blvd., Suite 310
Pleasant Hill, California 94523
Telephone: 925-288-1776
Facsimile: 925-288-1856
rmorales@mfrlegal.com
dolsen@mfrlegal.com

Attorneys for Plaintiffs,
TRAVELERS PROPERTY CAS. CO., ET AL.

SEMHA ALWAYA SBN 141999
TRELAWNEY JAMES-RIECHERT SBN 160853
A. MARK HOM SBN 154777
LAW OFFICES OF SEMHA ALWAYA
2200 Powell Street, Suite 110
Emeryville, California 94608
Telephone: 510-595-7900
Facsimile: 510-595-9049
salwaya@alwayalaw.com

Attorneys for Defendant,
FEDERATED MUTUAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERATED MUTUAL INSURANCE COMPANY, a Minnesota corporation,<br><br>Defendant. | CASE NO.: C-07-3459 BZ<br><br>RULE 26(f) JOINT REPORT, PROPOSED RULE 16(B) SCHEDULING ORDER; JOINT CASE MANAGEMENT STATEMENT<br><br>[Demand for Jury Trial– by Plaintiff]<br><br>Initial Case Management Conference:<br>Date: October 22, 2007<br>Time: 4:00<br>Location: Ctrm G, 15th Floor, SF |

-1-

RULE 26(f) JOINT REPORT, PROPOSED RULE 16(B) SCHEDULING ORDER; JOINT CASE MANAGEMENT STATEMENT

Case No.: C-07-3459

1       Pursuant to Federal rules of Civil Procedure, Rule 26(f) and applicable Northern District
2 Court Local Rules, Plaintiffs, TRAVELERS PROPERTY CASUALTY COMPANY OF
3 AMERICA f/k/a, AETNA CASUALTY AND SURETY COMPANY OF ILLINOIS,
4 TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA f/k/a THE TRAVELERS
5 INDEMNITY COMPANY OF ILLINOIS, FARMINGTON CASUALTY COMPANY, AND THE
6 TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, (hereinafter collectively referred
7 to as "Travelers" or "Plaintiff") and Defendants, Federated Mutual Insurance Company (hereinafter
8 referred to as "Federated Mutual") and collectively the "Parties" hereby submit this Joint Report of
9 Early Meeting of Counsel, Proposed Discovery Plan and Case Management Statement. Counsel for
10 Travelers and Federated Mutual conferred respecting this matter on September 28, 2007, and
11 October 10, 2007.

12 **1.**    **Jurisdiction and Service:**

13       This case was brought before the Federal District Court for the Northern District of
14 California pursuant to Title 28 U.S.C. §1332, and §2201, through the Court's recognition of
15 jurisdiction, based on the diversity of the parties and the amount in controversy. The Parties do not
16 anticipate that any additional parties will be brought into this litigation or require service of process.
17 Federated reserves the right to contest subject matter jurisdiction.

18 **2.**    **Recitation of Facts:**

19       This case is an insurance coverage dispute resulting from Federated Mutual's denial of
20 coverage to it named insureds, Rancho Ready Mix ("Rancho") and West Bay Mechanical ("West
21 Bay"). Federated contends that the property damages alleged in two separate lawsuits "occurred"
22 prior to the inception dates of the seven policies it issued to the two insureds. However, neither the
23 plaintiffs' complaints nor amended complaints in the two lawsuits allege when the property damage
24 was deemed to occur.

25       Both of the underlying cases giving rise to this coverage dispute, allege construction defects
26 and in both, the insureds were brought into the action by cross-complaints filed by project general

27

1 contractors. In *Albert Valdez v. Young Homes, et al.*, filed in the San Bernardino Superior Court,
2 Case No.: SCVSS 086564, Young Homes sued Rancho for work performed in connection with the
3 Dallas Heights project. The *Valdez* plaintiffs alleged that, at the time of completion, the construction
4 defects were latent and not apparent from reasonable inspection. Plaintiffs, who are subsequent
5 purchasers, discovered the defects and damages within the three (3) years of the filing of the *Valdez*
6 case. The *Valdez* plaintiffs filed their original complaint on February 5, 2002.

7 Between March 1, 2001 to July 1, 2005, Rancho was insured by Federated Mutual Insurance
8 under a Businessowners' policy (numbered 0634293). Rancho tendered its defense and indemnity
9 in the *Valdez* litigation to both Federated and Travelers. Travelers agreed to, and is defending
10 Rancho. Federated initially denied coverage; Federated then defended under its umbrella policy.

11 In *Britannia Pointe Grand Limited Partnership v. Concrete Shell Structures, Inc.*, filed with
12 the American Arbitration Association, Case No.: 74-110-M-00660-04-OLTR, Concrete Shell
13 Structures, the general contractor and developer for the "Sugen I & II" projects, cross-complained
14 against West Bay. The Demand for Arbitration contains no allegations deeming when the alleged
15 property damage occurred. The plaintiff's original complaint was filed on June 16, 2004.

16 Federated insured West Bay from January 1, 2002, through January 1, 2003 [that was the
17 only policy year – I deleted the rest] under a Businessowner's policy (numbered 9435065). West
18 Bay tendered its defense and indemnity in the *Britannia Pointe* litigation to both Travelers and
19 Federated. Travelers agreed to and is defending West Bay, but Federated denied coverage.

20 With respect to both insureds, Federated's denials of coverage were based solely upon
21 Federated's claim that alleged damages occurred prior to inception of the first policy periods.
22 Federated cites Endorsement CG-F-68 (attached to Traveler's complaint as exhibit A), which states:

23     COVERAGE LIMITATION - CONTINUOUS OR PROGRESSIVE INJURY OR
24     DAMAGE

25 Paragraph I. **Insuring Agreement**, subparagraph c. of Form CG 00 57 (09-99), CG 00 60 (09-99) and CG 00 61 (09-99) AMENDMENT OF INSURING
26 AGREEMENT - KNOWN INJURY OR DAMAGE, is deleted, and replaced with the following:

27

-3-

c. This policy does not apply to, and the Company shall have no duty to defend, any claim seeking "bodily injury" or "property damage" that occurred before the policy period, regardless of whether that "bodily injury" or "property damage" is also deemed to have occurred during the policy period of this policy.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

As neither the plaintiffs' complaints nor amended complaints in the two lawsuits allege when the property damage was deemed to occur, Travelers contends that the plaintiffs' allegations in the underlying actions fall within the terms of the Federated policies issued to Rancho and West Bay. Accordingly, Travelers also contends that Federated Mutual was obligated to participate in the defense and indemnity of Rancho and West Bay regarding the claims asserted against each in the underlying actions. Travelers also maintains that Federated's investigation and conduct in handling the claims was unreasonable, and that its coverage position is inconsistent with the express terms of the policies and governing law. Travelers further contends that it has been damaged by the alleged acts or omissions of Federated Mutual. Federated previously offered to settle the defense fee issue, which offer was rejected by Travelers. Thereafter, Federated accepted the defense of Rancho under its umbrella policy. Travelers now seeks the Court's determination of the rights and obligations of Federated Mutual to Rancho, West Bay, and Travelers.

Federated contends that the insuring agreement of the Federated policy bars coverage for the loss. Federated's CG-F-68 endorsement bars coverage. Travelers is limited to its claim for defense fees in the *Britannia* action unless the complaint is amended.

3. **Areas of Disagreement**

The parties dispute the application and interpretation of Federated Mutual's Endorsement

-4-

1   CG-F-68, to the underlying facts and that the Federated policy's insuring agreement bars coverage
2   for the loss. Plaintiff Travelers maintains that Federated Mutual has a duty to participate in the
3   defense and indemnity of Rancho in the *Valdez* action, and West Bay in the *Brittania Pointe* action.
4   Travelers seeks a judicial determination of the obligations of Federated Mutual to Rancho, West
5   Bay, and Travelers.
6       The areas of dispute are as follows:

**Plaintiff Travelers**:

(1) Whether Federated had an obligation to participate in the defense and indemnity of Rancho and West Bay in connection with the underlying actions. Travelers seeks a judicial determination of the obligations of Federated Mutual.

(2) Whether there was coverage under the Federated Mutual policies issued to Rancho and West Bay in connection with the claims asserted against each in the underlying actions.

(3) Federated Mutual's investigation and conduct in handling Rancho, West Bay and Traveler's tenders was unreasonable and their denial of the claim was and is inconsistent with the terms of their respective policies and governing law, such that it cannot now dispute any action undertaken by Travelers to protect the mutual insureds;

(4) Whether Travelers was damaged by the acts or omissions of Federated Mutual's denial of coverage;

**Defendant Federated Mutual**:

(1) Whether there is any basis for Traveler's claims for damages in the present action;
(2) Whether Federated's insuring agreement bars coverage for the loss;
(3) Whether Federated's CG-F-68 endorsement bars coverage;
(4) Whether Travelers is limited to its claim for defense fees in the *Britannia* action unless the complaint is amended;
(5) Whether subject matter jurisdiction is proper.

1    **4.**    <u>**Motions:**</u>

2        The Parties' agree that potentially dispositive Motions for Summary Judgment/Adjudication
3 will be filed based on the following contemplated discovery, and to the extent possible on stipulated
4 facts.

5    **5.**    <u>**Amendment of Pleadings:**</u>

6        The Parties do not presently anticipate the amendment of any pleadings previously
7 submitted, but reserve the right to amend any pleadings as may be necessary.

8    **6.**    <u>**Evidence Preservation:**</u>

9        It is anticipated and agreed that the Parties will comply with all Federal instructions and/or
10 guidelines to preserve all evidence relevant to the issues reasonably evident in this action.

11    **7.**    <u>**Disclosures:**</u>

12        Counsel for Travelers and Federated Mutual conferred respecting this matter on September
13 28, 2007, and October 10, 2007, and pursuant to F.R.C.P. 26(a)(1), the Parties have agreed to
14 produce their Initial Disclosures on October 22, 2007.

15    **8.**    <u>**Discovery:**</u>

16        **A.**      <u>**Pre-Discovery Disclosures:**</u>

17        During the course of the early meeting of counsel, the parties made the following initial
18 disclosures:

19        **A.**      <u>**Witnesses:**</u>

20        At this time, in addition to expert witnesses that may be retained by the parties to this action,
21 if necessary, Plaintiff and Defendants reasonably believe that the following witnesses are likely to
22 have discoverable information relevant to the facts in the dispute herein, in addition to the
23 representatives of Defendant and Plaintiff:

24        1.      Those individuals listed in Plaintiff's and Defendant's Initial Disclosures;
25        2.      Defense counsel for, and experts retained on behalf of Federated Mutual and
26             Travelers, Regarding the Dallas Heights Project and the Sugen I & II projects

27

28

(hereinafter collectively referred to as the "Project(s)");

3. Person(s) most knowledgeable of Federated Mutual and Travelers regarding the Projects, and the policies issued by Federated and Travelers;

4. Person(s) most knowledgeable for Rancho Ready Mix (hereinafter referred to as "Rancho") and West Bay Mechanical (hereinafter referred to as "West Bay") regarding the Projects;

5. Person(s) most knowledgeable of Young Homes, the developer/general contractor for the Dallas Heights Project and Concrete Shell Structures, the developer/general contractor for the Sugen I & II Projects, respecting the underlying actions;

6. Defense counsel for, and experts retained on behalf of Young Homes, Concrete Shell Structures, Rancho, and West Bay respecting the underlying actions;

7. Counsel for and representatives of Federated Mutual and Travelers with knowledge of the claims for coverage submitted by Travelers respecting the underlying actions;

8. The responsible claims examiner for any third-party administrator for Defendant Federated Mutual and Plaintiff Travelers in connection with the claims for coverage submitted to Federated Mutual [or] Travelers or Federated Mutual Insureds or Travelers Insureds in the underlying actions;

9. Claims adjuster(s)/claims handler(s) or any investigator(s) for Federated Mutual and Travelers that received [] tenders of defense in the underlying actions and any other person retained by Federated Mutual or Travelers;

10. Plaintiffs from the underlying actions;

11. Persons(s) most knowledgeable for each of the subcontractors that performed the work that the homeowners in the underlying actions claim to be defective, including but not limited to: Rancho and West Bay, regarding (1) the work they respectively performed on the Projects; (2) the negotiation and execution of contracts respecting the Projects; (3) the documents produced to the document depositories in the

-7-

Underlying Actions; (4) the damage and defect claims asserted by the plaintiffs in the Underlying Actions; and (5) the cross-claims asserted by Young Homes and Concrete Shell Structures in the underlying actions;

12. Experts retained on behalf of the Parties in connection with the underlying actions;

13. Any witness necessary for rebuttal or impeachment purposes; and

Discovery has not yet commenced in this action, and the Parties reserve the right to amend, revise or modify this preliminary list of potentially relevant individuals.

**B. Documents:**

At the time of the early meeting of counsel, and pursuant to F.R.C.P. 26(a)(1), **Plaintiff** agreed to produce by October 22, 2007:

1. Those documents listed in Plaintiff's and Defendant Federated Mutual's Initial Disclosures;

2. Copies of the policies Traveler's issued to Rancho and West Bay;

3. Copies of unprivileged correspondence respecting the claims for coverage submitted to Federated Mutual by Young Homes, Concrete Shell Structures, Rancho and West Bay in connection with the underlying actions;

3. Copies of unprivileged correspondence respecting the claims for coverage submitted to Travelers by Young Homes, Concrete Shell Structures, Rancho and West Bay in connection with the underlying actions;

5. Select documents obtained from the document depositories, if any, established in the underlying actions, in connection with Traveler's investigation respecting the claim for coverage submitted to Federated Mutual by Young Homes, Concrete Shell Structures, Rancho and West Bay regarding the underlying actions; and

6. Select documents obtained from the document depositories, if any, established in the underlying actions, in connection with Federated's investigation respecting the claim for coverage submitted to Federated Mutual by Young Homes, Concrete Shell

-8-

1 Structures, Rancho and West Bay regarding the underlying actions; and

2 7. Copies of homeowner lot files from homes in the underlying actions provided by the plaintiffs in the underlying actions.

At the time of the early meeting of counsel, and pursuant to F.R.C.P. 26(a)(1), Plaintiff and **Defendant** agreed to produce by October 22, 2007:

1. A copy of all policies issued to Rancho and West Bay;
2. The Complaints in the Underlying Actions;
3. Documents related to the Plaintiffs' claims in the Underlying Actions;
4. Copies of unprivileged correspondence respecting the claims for coverage to Federated Mutual in connections with the underlying actions.

9. **Class Actions:** This case is *not* designated as a Class Action.

10. **Related Cases:**

*Albert Valdez v. Young Homes, et al.*, filed in the County of San Bernardino Superior Court, in California, Case No.: SCVSS 086564; and

*Britannia Pointe Grand Limited Partnership v. Concrete Shell Structures, Inc.*, filed with the American Arbitration Association, Case No.: 74-110-M-00660-04-OLTR.

11. **Relief:**

**Plaintiff:**

Travelers contends that Federated Mutual is obligated to defend and indemnify Rancho and West Bay in connection with the Underlying Actions. Travelers alleges approximately $39,146.57 for defense fees and costs incurred on behalf of West Bay through September 26, 2007, in the *Britannia Pointe* case, and approximately $207,851.63 as damages incurred on behalf of Rancho for defense fees and costs, including Federated Mutual's indemnity obligation through the date of settlement in the *Valdez* case. Traveler's damages are evidenced by invoices and billing which will be produced with Plaintiff's 26(a)(1) Initial Disclosures. Travelers also contends that the Plaintiffs' allegations in the underlying actions fall within the terms of the policies issued to Rancho and West

-9-

Bay. Travelers maintains that Federated Mutual's investigation and conduct in handling the claim was unreasonable, and that its coverage position is inconsistent with the express terms of the policies and governing law. Travelers further contends that it has also been damaged by the alleged acts or omissions of Federated Mutual and has incurred additional fees and costs associated with this litigation.

**Defendant Federated Mutual:**

Federated Mutual denies the damages alleged by Travelers.

12. **Settlement and ADR:**

The parties will participate in good faith in any settlement conference, but do not believe that a settlement is likely save the Court's ruling on potentially dispositive legal issues concerning the application of the Federated Endorsement CG-F-68. The parties agree to conduct Private ADR as stated on the Parties Stipulation and Proposed Order Selecting ADR Process. The parties are currently discussing possible mediators and hope to report back to the court by the date of the Case Management Conference on the individual the parties agree to act as a Private Mediator in this case. Based on the Court's January 31, 2008, deadline to complete mediation and the mediator's own availability, the Parties propose that a first mediation will be held by January 31, 2008. The Parties also agree to additional settlement discussions and conferences following the Court's ruling on the proposed Motions for Summary Judgment/Adjudication discussed above.

13. **Consent to Magistrate Judge for All Purposes:**

In accordance with the provisions of Title 28 U.S.C. 636(c), the Plaintiffs, Travelers Property & Casualty Company of America, et al., hereby voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and the Order for entry of a final judgment.

Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

14. **Other References:**

The Parties have agreed to participate in mediation through Private ADR and do not believe that this case is appropriate for referral to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:**

The Parties anticipate that central issues regarding coverage and damages will be narrowed and/or resolved through motions for summary judgment and/or summary adjudication. The Parties reserve the right to amend this response as may be necessary.

16. **Expedited Schedule:**

The Parties agree that based on the potential volume of discovery and witness testimony that may be at issue in this litigation, it would not be appropriate to maintain this case on an expedited basis with streamlined procedures.

17. **Scheduling:**

**Complex Case:**

The Parties agree that this action is <u>not</u> sufficiently complex to warrant use of the procedures of the Manual for Complex Litigation.

**Discovery Plan:**

(1)   **Discovery and Motion Plan/Schedule:**

The parties' agree that potentially dispositive Motions for Summary Judgment/Adjudication will be filed based on the following contemplated discovery, and to the extent possible on stipulated facts. The scope and nature of the discovery that may be necessary or appropriate in advance of the contemplated Motions depends largely on the facts and authentication of documents that can be agreed are not in dispute.

Therefore, the parties respectfully submit the following discovery and motion plan:

1. In the next thirty (30) days, the parties will meet and confer, and will use their best efforts to stipulate to basic facts and the authentication of documents for the purpose of supporting their respective Motions for Summary

|   |   |   |
|---|---|---|
| 1 |  | Judgement/Adjudication; |
| 2 | 2. | Last Date for completion of mediation **January 20, 2008**. |
| 3 | 3. | The parties will serve their first sets of interrogatories, requests for production of documents, and requests for admission no later than **January 20, 2008**, and expect to complete written discovery on or before **March 20, 2008**. |
| 6 | 4. | Depositions of parties and witnesses shall be taken no later than **February 25, 2008**; |
| 8 | 5. | Motions for Judgment/Adjudication shall be filed and served no later than **June 16, 2008**; |
| 10 | 6. | Oppositions to Motions for Summary Judgment/Adjudication to be filed and served no later than **June 30, 2008**; |
| 12 | 7. | Reply briefs respecting the Motions for Summary Judgment/Adjudication to be filed and served no later than **July 14, 2008**; |
| 14 | 8. | Hearing on Motions for Summary Judgment/Adjudication to be heard on the Court's next available date following **July 28, 2008**. |
| 16 | 9. | <u>Discovery Cut-Off</u>: Following the Court's issuance of an order respecting the Motions for Summary Judgment/Adjudication, the parties will have a period of **90** calendar days to complete all outstanding discovery (special interrogatories, requests for admission and requests for production of documents) and oral discovery (depositions), including depositions of experts retained in connection with this litigation by Plaintiff or Defendants. |
| 22 | 10. | Final Pre-Trial Conference to take place within **60** days of discovery cut-off as provided in the preceding paragraph. |
| 24 | 11. | The Parties propose a trial date to commence in **January, 2009** |

**18. Trial:**

The Parties agree the trial of this matter will take an estimated five (5) to seven (7) days if

1 tried to a jury as requested by Plaintiff.

2 19. **Disclosure of Non-party Interested Entities or Persons:**

3 Plaintiff Travelers states that it filed its Disclosure of Non-party Interested Entities on October ___, 2007. Travelers further stated that: In accordance with the provisions of Civil LR 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

7 []

8 20. **Insurance:**

9 **Plaintiff:**

10 The Parties are both insurance companies and are informed and believe that there are no policies relevant to this matter other than those that form the basis of this action.

Jointly submitted by:

*MORALES, FIERRO & REEVES*

By: _____
Ramiro Morales, SBN 167947
Daniel R. Olsen, SBN 236578
*Attorneys for Plaintiffs, Travelers Property Casualty Company, et al.*

Dated this 15th day of October, 2007.

LAW OFFICES OF SEMHA ALWAYA

By: _____
Semha Alwaya, SBN 141999
Trelawney James-Reichert, SBN 160853
A. Mark Hom, SBN 154777
2200 Powell Street, Suite 110
Emeryville, California 94608

-13-

1           Dated this 15 day of October, 2007.

2

3   S:\DOCS\TR2610\STP071004.DRO.wpd

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

RULE 26(f) JOINT REPORT, PROPOSED RULE 16(B) SCHEDULING ORDER;
JOINT CASE MANAGEMENT STATEMENT

Case No.: C-07-3459